IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 6:14-cv-_____ ) |
| GERALDINE ZIMMERMAN WARREN, DAVID ZIMMERMAN WARREN, and JOHN STEVEN WARREN, JR., | ) ) ) ) ) |
| Defendants. | ) |

## **COMPLAINT IN INTERPLEADER**

Now comes THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("The Guardian"), and files this complaint in interpleader, showing the Court as follows:

### **Jurisdiction and Venue**

1.

The Guardian is a mutual insurance company organized and existing under the laws of the State of New York, maintaining its principal place of business in New York, New York. It is duly licensed to do business in the State of South Carolina.

2.

Defendant Geraldine Zimmerman Warren is a citizen of the State of South Carolina, residing in Greenville County, South Carolina, and is subject to the jurisdiction of this Court.

3.

Defendant David Zimmerman Warren is a citizen of the State of North Carolina, residing in Winston Salem, North Carolina, and is subject to the jurisdiction of this Court.

4.

Defendant John Steven Warren, Jr. is a citizen of the State of South Carolina, residing in Greenville County, South Carolina, and is subject to the jurisdiction of this Court.

5.

This Court has original federal question jurisdiction of this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, because John Steven Warren, Sr. ("the Insured") was a participant in an employee welfare benefit plan ("the Plan") sponsored and maintained by his former employer, Constangy Brooks & Smith, LLP ("Constangy"), within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), and defendants' claims to basic and voluntary life insurance benefits payable under the Plan arise out of and relate to the Plan.

6.

Alternatively, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.

Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335 because (a) The Guardian has in its possession money of the value of $500 or more, (b) two or more adverse claimants, of diverse citizenship as defined in 28 U.S.C. § 1332(a), are claiming to be entitled to such money, and (c) The Guardian will deposit such money into the registry of this Court, there to abide the judgment of this Court, immediately upon the entry of an order authorizing such payment.

8.

Venue is proper in the District of South Carolina pursuant to 28 U.S.C. §§ 1391 and 1397, in that this complaint is brought in the judicial district in which a substantial part of the events giving rise to the claim occurred, and in a judicial district in which one of the claimants resides.

9.

Venue is proper in the Greenville Division pursuant to 28 U.S.C. § 121(2) and Local Rule 3.01(A)(1) in that natural defendants, Geraldine Zimmerman Warren and John Steven Warren, Jr., reside in Greenville County, South Carolina, within the Greenville Division.

## Cause of Action

10.

This complaint in interpleader is brought pursuant to Fed. R. Civ. P. 22, and alternatively 28 U.S.C. § 1335, by reason of uncertainty as to the recipient of certain life insurance benefits payable by The Guardian as a result of the death of the Insured. Because of conflicting claims, The Guardian may be exposed to double liability unless such life insurance benefits are paid into the registry of this Court and the correct beneficiary is determined by this Court.

11.

At all times material to this lawsuit, the Insured was an employee of Constangy, was a participant in the Plan, and was insured under Policy No. G-00430252-HC ("the Group Policy"), a group insurance policy issued by The Guardian under which term life insurance was provided to eligible employees of Constangy who were participants in the Plan.

12.

A copy of the Employer Rider issued to Constangy as a participating employer under the Group Policy and a specimen copy of the Certificate of Insurance issued to persons insured under the Group Policy are attached hereto as **Exhibits 1 and 2**.

13.

The Insured was insured for basic term life insurance of $600,000, and voluntary term life insurance of $100,000 under the Group Policy and the Plan.

14.

By means of an Enrollment form dated April 3, 2008, the Insured designated the defendants as co-primary beneficiaries of the life insurance benefits payable under the Group Policy and the Plan by reason of his death.

15.

A redacted copy of the Enrollment form is attached hereto as **Exhibit 3**.

16.

The Insured died on September 22, 2013.

17.

A redacted copy of the Insured's Certificate of Death is attached hereto as **Exhibit 4**.

18.

An Employee Benefits Summary received from the Insured's employer showed that death benefits were to be paid under the Group Policy and the Plan in the following percentages: David Zimmerman Warren, 25%; Geraldine Zimmerman Warren, 50%; and John Steven Warren, Jr., 25%.

19.

A redacted copy of the Employee Benefits Summary is attached hereto as **Exhibit 5**.

20.

Geraldine Zimmerman Warren submitted to The Guardian Group Life Claim Forms dated November 7, 2013, for the basic and voluntary life insurance benefits payable under the Group Policy and the Plan.

21.

Redacted copies of the claim forms dated November 7, 2013, are attached hereto as **Exhibit 6**.

22.

In accordance with the Employee Benefits Summary prepared by the Insured's employer, The Guardian issued payment to Geraldine Zimmerman Warren in the amount of $354,315.07, representing 50% of the basic and voluntary life insurance benefits payable under the Group Policy and the Plan, with interest. The Guardian also requested contact information for David Zimmerman Warren and for John Steven Warren, Jr., in order to proceed with payment of the remaining 50% of the life insurance benefits.

23.

Thereafter, Geraldine Zimmerman Warren presented to Constangy an Employee Benefits Summary apparently signed by the Insured and dated November 4, 2011, which stated that Geraldine Zimmerman Warren was the sole primary beneficiary of the life insurance benefits payable under the Group Policy and the Plan, and that David Zimmerman Warren and John Steven Warren, Jr. were co-contingent beneficiaries.

24.

A redacted copy of the Employee Benefits Summary dated November 4, 2011, is attached hereto as **Exhibit 7**.

25.

By letters dated December 18, 2013, The Guardian informed defendants that "[s]ince neither the employer nor the Guardian had received a copy of the change," The Guardian was requesting that defendants attempt to resolve by agreement their competing claims for the remaining 50% of the life insurance benefits to avoid the need for an interpleader action.

26.

Redacted copies of the three letters dated December 18, 2013, are attached hereto as **Exhibit 8**.

27.

The defendants have not reached an agreement regarding payment of the life insurance benefits.

28.

John Steven Warren, Jr. submitted to The Guardian a Group Life Claim Form dated March 10, 2014.

29.

A redacted copy of the Group Life Claim Form dated March 10, 2014, is attached hereto as **Exhibit 9**.

30.

David Zimmerman Warren submitted to The Guardian a Group Life Claim Form dated March 11, 2014.

31.

A redacted copy of the Group Life Claim Form dated March 11, 2014, is attached hereto as **Exhibit 10**.

32.

By letter dated March 20, 2014, David Zimmerman Warren asserted that the Insured did not give written notice to his employer of a change of beneficiary, and that the Insured did not receive written confirmation from his employer of a change of beneficiary, both of which he stated were required for "any alleged change to take place."

33.

A copy of the letter dated March 20, 2014, is attached hereto as **Exhibit 11**.

34.

Under the circumstances described above, The Guardian cannot safely determine to whom the remaining life insurance benefits should be paid, and The Guardian may be subjected to double liability unless this Court authorizes it to pay the remaining life insurance benefits into the registry of this Court and requires defendants to assert in this proceeding any claims which they may wish to assert to such benefits.

35.

The Guardian desires permission to pay into the registry of this Court the remaining life insurance benefits payable under the Group Policy and the Plan in the amount of $350,000, plus interest. The Guardian prays that defendants be directed to file in this proceeding whatever claims they may wish to assert to such life insurance benefits, and that The Guardian be discharged from further liability under the Group Policy and the Plan by reason of the death of the Insured.

WHEREFORE, plaintiff The Guardian Life Insurance Company of America prays:

(a)     That its civil action of interpleader be allowed;

(b)     That defendants be directed and required to interplead in this action and to set forth in this case any claims which they may have or may wish to assert to the remaining group life insurance benefits payable under the Group Policy and the Plan by reason of the death of John Steven Warren, Sr.;

(c)     That defendants be temporarily and permanently restrained from instituting or prosecuting any claim against The Guardian in any state or United States court affecting said life insurance benefits, except by way of interpleader in this action;

(d)     That The Guardian be authorized and directed to pay into the registry of this Court the remaining group life insurance benefits, with interest, payable by reason of the death of John Steven Warren, Sr.;

(e)     That an order be entered discharging The Guardian from further liability under the Group Policy and the Plan by reason of the death of John Steven Warren, Sr.; and

(f)     That The Guardian have such other and further relief to which it may be entitled.

This 31st day of March, 2014.

s/ Peter A. Rutledge  
Peter A. Rutledge (Federal ID: 07185)  
SMITH MOORE LEATHERWOOD LLP  
2 West Washington Street Suite 1100 (29601)  
Post Office Box 87  
Greenville, South Carolina 29602  
Telephone:  864-751-7600  
Facsimile:  864-751-7800  
peter.rutledge@smithmoorelaw.com  

*Attorneys for Plaintiff*